

Signed and Filed: March 13, 2008

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-31379 TEC |
| ISLAMIC SOCIETY OF SAN FRANCISCO, a California nonprofit corporation, | Chapter 11 |
| Debtor. | |
| SAVE AL-HUDA SCHOOL FOUNDATION, a California nonprofit corporation, | Adv. Proc. No. 07-3142 TC |
| Plaintiff, | |
| vs. | |
| ISLAMIC SOCIETY OF SAN FRANCISCO, a California nonprofit corporation, | |
| Defendant. | |

**MEMORANDUM DECISION RE DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

On March 7, 2008, this court held a hearing on Debtor's motion for summary judgment. Debtor seeks a determination that it does not hold the Al-Huda School property as a trustee, but has equitable as well as legal title. Iain A. Macdonald and Heather A. Cutler appeared for Debtor. H. Paul Bryant appeared for Plaintiff Save Al-Huda School Foundation, Inc. (hereinafter SAHSFI). Upon

due consideration, and for the reasons stated below, the court
determines that there is a genuine issue of material fact as to
whether Debtor holds the school property in trust, and the motion
for summary judgment is therefore denied.

Legal title is held by Debtor. This creates a presumption of
equitable ownership that can be rebutted only by clear and
convincing evidence. Cal. Evid. Code § 662.

The Al-Huda Islamic School is not incorporated and appears to
be a division of Debtor ISSF. The bylaws of the school state
"[a]ll assets of Al-Huda Islamic School shall be considered
property of the Islamic Society of San Francisco." These bylaws
are thus consistent with the record title held by Debtor.

Property transferred to a charitable corporation may be held
in trust by that corporation for purposes more limited than the
stated purposes of the charitable corporation. Bogert's Trusts and
Trustees § 324; Witkin, Summary of California Law, Trusts § 293;
Estate of Henderson, 17 Cal. 2d 853, 856-59 (1941); Cal. Corp. Code
§ 9142(a). The principal question in this case is whether Debtor
holds the school property in trust solely for use as a school, or
whether Debtor has full beneficial ownership and may use the school
property in furtherance of any of its charitable purposes,
including payment of its debts.

Debtor is a religious, non-profit corporation. Under section
9142(c) of the California Corporations Code, property of a
religious corporation will be "deemed to be impressed with any
trust, express or implied" only to the extent such trust is
expressly provided for in: (1) a resolution of the board of
directors; (2) the articles or bylaws of the corporation or the

1  governing instruments of a "superior religious body or general
2  church;" or (3) in a written statement by the donor at the time of
3  the donation.

4      One declaration of trust sufficient to meet the requirements
5  of section 9142(c) is in Article X, Section 5 of Debtor's
6  Constitution (bylaws), which states: "Any property of the ISSF
7  shall be entrusted with the NAIT (North American Islamic Trust)."

8      Plaintiff also submitted evidence that the Executive
9  Committee, Advisory Board, and general membership of ISSF adopted a
10 resolution expressly committing to hold the school property in
11 trust for the purpose of providing an Islamic school for the
12 members of the Bay Area Islamic community.  Declaration of Abdullah
13 Alawdi at ¶¶ 3, 5, 7; Declaration of Anise Kaddoura at ¶ 9 and
14 Exhibit D thereto.  This evidence is sufficient to create a triable
15 issue of fact as to whether there was a declaration of trust
16 sufficient under section 9142(c)(1).

17     It appears that at least some of the members of SAHSFI have
18 standing to enforce the alleged trust.  At least some SAHSFI
19 members, as parents in the Bay Area Islamic community who want to
20 send their children to the Al-Huda School, are beneficiaries of the
21 alleged trust and are therefore entitled to bring suit to enforce
22 that trust under section 9142(a)(4).

23     Debtor has not established undisputed facts sufficient to
24 permit the court to apply the *cy pres* doctrine to permit sale of
25 the school property.  The evidence submitted does not establish
26 that operation of the school is permanently impossible or
27 impractical.  See Witkin, Summary of California Law, Trusts § 304.
28 Furthermore, Debtor's argument for selling the school property is

**MEMORANDUM DECISION RE DEBTOR'S**
**MOTION FOR SUMMARY JUDGMENT**          -3-

1  based at least in part on Debtor's need to pay its debts.  It is
2  not clear whether those debts arose in the course of administration
3  of the alleged trust (the school), as opposed to Debtor's other
4  activities, and it is therefore unclear whether those debts are
5  properly charged to the alleged trust *res*.  See Cal. Probate Code
6  § 18004.  Sale of the school property to pay debts unrelated to the
7  school would be in derogation of the alleged trust, not to preserve
8  the intent of the alleged trust, and could not be justified through
9  the *cy pres* doctrine.

10      Although the court discussed in its tentative ruling possible
11  revocation of the alleged trust, Debtor did not raise that argument
12  and did not submit any evidence that Debtor had in fact purported
13  to revoke the trust.  Revocation is thus not a proper basis for
14  granting Debtor's motion for summary judgment.

15                    **\*\*END OF MEMORANDUM DECISION\*\***

1

2

3  Iain A. Macdonald, Esq.
   Macdonald and Associates
4  221 Sansome Street
   San Francisco, CA 94104
5
   Julie M. Glosson, Esq.
6  Office of the United States Trustee
   235 Pine Street, Suite 800
7  San Francisco, CA 94104

8  H. Paul Bryant, Esq.
   Law Offices of H. Paul Bryant
9  725 Washington Street, Suite 725
   Oakland, CA 94607
10
   H. Christopher Hittig, Esq.
11 Law Offices of H. Christopher Hittig
   44 Montgomery Street, Suite 3780
12 San Francisco, CA 94104

13 Robert F. Kane, Esq.
   Law Offices of Robert F. Kane
14 870 Market Street, Suite 1128
   San Francisco, CA 94102
15

16

17

18

19

20

21

22

23

24

25

26

27

28